UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON PARKER, | : | CIVIL NO: 3:15-CV-02187 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| IRENE BIZZOZO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **REPORT AND RECOMMENDATION**

**I.    Introduction.**

The plaintiff, Jason Parker ("Parker"), is a frequent filer who has three or more strikes under 28 U.S.C. § 1915(g). Because Parker has not presented any allegation that he was under imminent danger of serious physical injury at the time that he filed this action, we recommend that the Court deny his motion for leave to proceed *in forma pauperis* and dismiss the case without prejudice to Parker so that he may refile the case if he pays the filing fee.

**II.    Factual Background and Procedural History.**

Parker filed the present complaint on November 9, 2015 against eight defendants. *Doc. 1* at 1. The complaint names the "Supreme Court of

Penn[sylvania] Midd[le] Dist[rict]" as a defendant as well as the following officials or employees: Prothonotary Irene Bizzozo, Esq., Deputy Prothonotary Amy Dreibelbis, Esq., Chief Clerk Elizabeth E. Zisk, Esq., and the Justices of the Pennsylvania Supreme Court identified as "John/Jane Does." *Id.* at 1-2, 9.  The complaint also names three attorneys who have represented Parker at various points in his prior legal proceedings: Raymond D. Roberts, Esq., Edward Rideout Esq., and Donald Bermudez, Esq. *Id.* at 1-2, 9-10.

It appears that the present action stems from Parker's efforts to contest an impersonation conviction for which he was incarcerated at the State Correctional Institution in Frackville, Pennsylvania ("Frackville".)  *Id.* at 1, 11-12.  The complaint appears to raise three distinct issues.

First, the complaint alleges that the Supreme Court of Pennsylvania has improperly questioned Parker's *pro se* representation.  Parker's case appears to have been adjudicated in the Municipal Court of Philadelphia County. *Id.* at 47.  Nevertheless, Parker appears to have sent a "Writ of Habeus Corpus, Inserting *Pro*

*Se* Status" to the Supreme Court of Pennsylvania.[1] *Id.* at 51. In a letter to Parker, officials from the Supreme Court's Middle District Prothonorary's Office returned Parker's writ unfiled because he was already represented by counsel in his prior proceedings. *Id.* In this letter, Supreme Court officials also urge Parker to seek further relief in the Court of Common Pleas and to contact his attorneys for more information. *Id.* Parker alleges that because he had previously filed a Motion to Proceed *Pro Se* with the Municipal Court of Philadelphia County, officials within the "Supreme Court of Penn[sylvania] Middle District" erred by not recognizing his status as a *pro se* litigant. *Id.* at 3, 11, 47.

Second, the complaint impugns the procedures that led to Parker's arrest and subsequent incarceration. The complaint questions the validity of the Affidavit of Probable Cause that supported a warrant of arrest for Parker because the Affidavit does not contain a seal or signature. *Id.* at 13-14. The complaint also suggests that Parker never had the benefit of a grand jury, a preliminary hearing, and that he did not have access to a jury trial. *Id.* at 17-18, 20.

---

[1] Although it is unclear how the Supreme Court of Pennsylvania became involved in Parker's attempt to challenge his impersonation conviction, the complaint appears to suggest that the Supreme Court "should assume jurisdiction" in his case to not only provide Parker with a remedy, but to also set precedent upon which future litigants can rely when attempting to challenge alleged wrongful conduct by officials or employees of the court. *Doc 1.* at 21, 40-41.

Third, the complaint alleges that the three attorneys who had previously represented Parker were ineffective and unhelpful in resolving his legal issues. *Id.* at 11, 14, 21.

As a result of the defendants' "action or inaction," the complaint alleges that Parker has suffered "mental and physical abuse." *Id.* at 6, 36-37. In turn, Parker asserts numerous claims under the United States and Pennsylvania Constitutions, as well as state law claims such as assault. *Id.* at 6, 13, 22-29, 31-32, 34-35. In his request for relief, Parker requests, *inter alia*, 16 billion dollars in compensatory damages from all defendants jointly and severally, and 100 million dollars from each defendant individually. *Id.* at 16-17.

In addition to his complaint, Parker filed an application for leave to proceed *in forma pauperis*.[2] *See Doc. 7*. Although otherwise complete, the application fails to specify whether Parker has previously "brought [three] or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." *Id.* at 1. Parker likewise fails to specify whether he is currently seeking relief while "under

---

[2] Parker initially applied for leave to proceed *in forma pauperis* using a form from the Eastern District of Pennsylvania. *See Doc. 2*. He later filed the application used by this Court.

imminent danger of serious physical injury." *Id.* at 2.

**III. Discussion.**

The purpose of the federal *in forma pauperis* statute is to "ensure that indigent litigants have meaningful access to the federal courts." *Ball v. Famiglio*, 726 F.3d 448, 451 (3d Cir. 2013). Thus, federal courts may "authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). However, the statute's magnanimity dulls the economic incentives against filing frivolous or malicious lawsuits. *Coleman v. Tollefson*, 135 S.Ct. 1759, 1762 (2015) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). The "opportunity for abusive filings," *Ball*, 726 F.3d at 452, has perhaps been best illustrated by the "outsized share" of prisoner litigation in federal district courts. *Jones v. Bock*, 549 U.S. 199, 203 (2007) (stating that, as of 2005, nearly ten percent of all civil cases filed in federal courts were prisoner complaints and that most were without merit or frivolous).

Seeking to stem the "tide of substantively meritless" claims from prisoners, Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball*, 726 F.3d at 452. Especially pertinent in this case is the so-called "three strikes" provision, which stipulates:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The point of the "three strikes" rule is to "limit the number of lawsuits brought by prisoners[3] with a history of meritless litigation." *Ball*, 726 F.3d at 452.  Nothing in § 1915(g) blocks access to the federal courts; it merely "denies the prisoner the privilege of filing before he has acquired the necessary filing fee." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (en banc).

The complaint aptly demonstrates Parker's familiarity with prisoner litigation.  Indeed, the complaint is perhaps best described as being exceptionally

---

[3] The statutory definition for the term "prisoner" is given at § 1915(h).  There is no question that Parker was a prisoner at the time he filed this action; yet, Parker was later paroled and, for a short time, was not incarcerated.  *See Docs*. *10* (letter from Clerk of Court to Parker noting Parker's change of address and that review of a prisoner database showed that Parker was no longer in custody), *12* (most recent change of address listing Parker's address as the Curran-Fromhold Correctional Facility in Philadelphia).  Parker's temporary taste of freedom notwithstanding, the provisions of the PLRA still apply to the present case because Parker was a prisoner when he filed.  *See In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."); *accord Simpson v. City of Coatesville Pa.*, 2012 WL 2648008, at *1 n.1 (E.D. Pa. Aug. 23, 2012); *see also Drayer v. Attorney Gen. of State of Delaware*, 81 F. App'x 429, 431 (3d Cir. 2003) (holding that requirements of § 1915(b)(1)-(2) applied to former prisoner's case even though he had been released after filing his case).

thorough. It is the obvious care with which Parker crafted his complaint that makes his application for leave to proceed *in forma pauperis* all the more noticeable. In contrast to the fastidiously drafted complaint, the *in forma pauperis* application is pockmarked with omissions and nonresponses. *See Doc. 7* at 1-2. In fact, Parker declined to answer a question designed to ascertain whether he fell within the "three strikes" provision of § 1915 (g). *See Doc. 7* at 1. To the extent that Parker intended his silence to conceal his prior "strikes," it failed.

It is abundantly clear that, on at least three prior occasions, courts have dismissed Parker's actions as frivolous or for failing to state a claim. For instance, in March of 2015, Judge Goldberg, of the United States District Court for the Eastern District of Pennsylvania, dismissed a complaint filed by Parker on the grounds that it failed to state a claim. *See Parker v. Nutter, et al.*, 2:14-CV-07113 (E.D. Pa.). Judge Goldberg similarly dispensed with two other claims in September of 2015. *See Parker v. O'Connor, et al.*, 2:15-CV-03475 (E.D. Pa.) (dismissing the case as frivolous and for failure to state a claim); *Parker v. Montgomery County Correctional Facility, et al.*, 2:15-CV-04205 (E.D. Pa.) (dismissing the case for failure to state a claim). Given Parker's record of filing frivolous cases and cases that fail to state a claim, § 1915(g) denies him the benefit

of proceeding *in forma pauperis*.[4]  *Gibbs v. Cross*, 160 F.3d 962, 965 (3d Cir. 1998)

The question now becomes whether Parker can maintain the present action despite his earlier "strikes." Ordinarily, a prisoner can circumvent the "three strikes" provision if, at the time the action is filed, he or she is under imminent danger of serious physical injury. *Abdul-Akbar*, 239 F.3d at 314. Although the complaint alleges that Parker has been subjected to "cruel and unusual punishment" because "an innocent man is in prison," Parker cannot avail himself of this exemption because his complaint is bereft of any assertion of imminent physical injury. *See Doc 1*. at 16. Parker likewise neglected to make any such claim on his application for leave to proceed *in forma pauperis*. *See Doc. 7* at 2.

The fact that Parker has filed appeals[5] of his earlier "strikes" is also without consequence for the instant case. "A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman*, 135 S.Ct. at 1763. Clearly, whatever glimmer of hope an appeal once

---

[4] Noting that Parker had "three strikes" under § 1915(g), Judge Goldberg also denied Parker *in forma pauperis* status in December of 2015. *See Parker v. Shuter, et al.*, 2:15-CV-05429 (E.D. Pa.).

[5] *See Parker v. Montgomery County Correctional Facility, et al.*, 2:15-CV-04205 (E.D. Pa.), *appeal docketed*, No. 15-3449 (3d Cir. Oct. 15, 2015); *Parker v. O'Connor, et al.*, 2:15-CV-03475 (E.D. Pa.), *appeal docketed*, No. 15-3451 (3d Cir. Oct. 15, 2015).

afforded has been extinguished for Parker, whose prior dismissals were all for "statutorily enumerated" reasons.

In sum, Parker has accumulated at least three "strikes" under § 1915(g). Accordingly, his application for leave to proceed *in forma pauperis* should be denied and his case dismissed without prejudice.

**IV.    Recommendations.**

Based on the foregoing, **IT IS RECOMMENDED** that Parker's application (*Doc. 7*) for leave to proceed *in forma pauperis* be **DENIED** and that the case be **DISMISSED** without prejudice to Parker refiling the case along with the full filing fee.

> The Parties are further placed on notice that pursuant to Local Rule 72.3: Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her

discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23rd day of May, 2016.

                                        ***S/Susan E. Schwab***
                                        Susan E. Schwab
                                        United States Magistrate Judge